UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jane Doe,

      *Plaintiff and Counter-defendant,*

 -against-

Jun Du, Yun Xia Wang, and Xi Fang Temple,

      *Defendants and Counterclaimants.*

24-CV-00059 (ARR)

**OPINION & ORDER**

ROSS, United States District Judge:

  In this case, Plaintiff Jane Doe[1] alleges that defendants Jun Du, Yun Xia Wang, and Xi Fang Temple trafficked her into the United States, forced her into involuntary servitude upon her arrival, and sexually abused her. In response, defendants' answer asserts counterclaims for malicious prosecution, intentional infliction of emotional distress, and prima facie tort. Answer, § Counterclaims ¶¶ 26–53, ECF No. 33. Those counterclaims are all premised on Mr. Du's criminal prosecution in the New York state court system for the alleged sexual assaults that he perpetrated against Ms. Doe. *Id*. Although defendants' answer does not clearly articulate which of the defendants have asserted the counterclaims, in setting forth the factual background and procedural history of this case, I construe the answer to assert counterclaims on behalf of Mr. Du only. I have adopted that construction for the reasons set forth below. *See infra*, Discussion, Part I.

---

[1] Plaintiff has been granted permission to proceed pseudonymously. *See* Order Granting Mot. for Prot. Ord., ECF No. 19.

Plaintiff now moves to dismiss Mr. Du's counterclaims. For the following reasons, her motion is GRANTED as to Mr. Du's counterclaims for intentional infliction of emotional distress and prima facie tort, and DENIED as to Mr. Du's counterclaim for malicious prosecution.

## BACKGROUND

### I.  Factual Background

#### A.  Ms. Doe's Complaint

Ms. Doe alleges that defendants Mr. Du and Ms. Wang were ministers of Xi Fang Temple, a Buddhist temple located in Brooklyn, New York. First Amended Complaint ("FAC") ¶¶ 8–10, ECF No. 23. In November 2021, Mr. Du and Ms. Wang lured Ms. Doe from China into the United States under the false promise that she would later be given a position as a Buddhist nun at Xi Fang Temple. *Id*. ¶¶ 16–19. Ms. Doe arrived in the United States in December 2021, whereupon defendants confiscated her passport. *Id*. ¶¶ 24–25. In the ensuing months, defendants used various threats to induce Ms. Doe to perform manual labor at a construction site. *Id*. ¶¶ 27–35. Defendants paid Ms. Doe a stipend of only $300 a month. *Id*. ¶ 37.

Ms. Doe also alleges that Mr. Du sexually assaulted her on two occasions, in March 2022 and May 2022. *Id*. ¶¶ 41–42. Shortly after the second assault, on or about May 17, 2022, Ms. Doe and Mr. Du engaged in a physical altercation, whereupon Ms. Wang expelled Ms. Doe from the Temple. *Id*. ¶¶ 47–53.

#### B.  Mr. Du's Counterclaims

Defendants deny Ms. Doe's allegations that she was forced to labor for the Temple and that Mr. Du sexually assaulted her. Answer ¶¶ 15–53. According to defendants, Ms. Doe falsely represented to defendants that she was "a serious student of Buddhism," and visited the Temple to convince defendants to procure fraudulent visas on behalf of other Chinese citizens associated

2

with Ms. Doe. Answer, § Counterclaims ¶¶ 9–18. When defendants refused to assist Ms. Doe in her scheme, Ms. Doe falsely reported to NYPD officers that Mr. Du had sexually assaulted her. *Id*. ¶ 19. Ms. Doe then worked with a nonprofit to "assist the [Kings County District Attorney]'s Office with its prosecution of [Mr.] Du." *Id*. ¶ 20.

Although the counterclaims do not identify a precise date, they allege that, at some point, Ms. Doe falsely testified against Mr. Du before the Kings County Grand Jury. *Id*. ¶ 21. In August 2022, Mr. Du was indicted on charges of Sexual Abuse in the First Degree, Rape in the Third Degree, Sexual Misconduct, Forcible Touching, and Sexual Abuse in the Third Degree. *Id*. ¶ 20.

Ultimately, the criminal proceedings did not end in a plea or trial. Instead, the Kings County District Attorney's Office voluntarily dismissed the case on December 9, 2024, stating that, "[a]fter extensive investigation, the People do not believe they can sustain their burden of proof." *Id.* ¶ 24.

## II.     Procedural History

Ms. Doe initiated this action by filing her complaint on January 3, 2024. *See* Complaint, ECF No. 1. On March 13, 2024, the case was stayed pending the resolution of Mr. Du's criminal prosecution in New York State Supreme Court. *See* Stipulation, ECF No. 26. After the state prosecutors voluntarily dismissed Mr. Du's indictment, I lifted the stay and defendants filed an answer. The answer contains three counterclaims asserted against Ms. Doe under New York law, for malicious prosecution, prima facie tort, and intentional infliction of emotional distress. *See* Answer, § Counterclaims. Ms. Doe now moves to dismiss those counterclaims. ECF Nos. 48, 49 ("Mot.").

3

**LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(6), a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions are not entitled to the presumption of truth, and therefore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quotation marks and citation omitted).

**DISCUSSION**

**I.     Party Asserting Counterclaims**

As I initially observed, defendants' answer does not specify whether the counterclaims are asserted on behalf of Mr. Du alone, or on behalf of all defendants. Mot. at 22.

I agree with Ms. Doe that the counterclaims were not (and could not be) asserted on behalf of Ms. Wang and the Temple. First, defendants' opposition does not address Ms. Doe's arguments that Ms. Wang and the Temple have failed to state any counterclaims, and instead assumes that all counterclaims were asserted solely by Mr. Du. Def. Opp. at 1, ECF No. 50 ("[Mr.] Du asserts counterclaims against Plaintiff"). Thus, defendants have waived any argument on that point. *See In re UBS AG Securities Litigation*, No. 07-CV-11225, 2012 WL 4471265, at *18 n.18 (S.D.N.Y. Sept. 28, 2012) (finding that party, by failing to address arguments raised by

4

opponent, had "conceded the point by silence"). Second, as a matter of law, the counterclaims cannot be read to encompass Ms. Wang and the Temple. For example, Ms. Wang and the Temple were not defendants in the criminal action against Mr. Du, or any other criminal prosecution. Therefore, Ms. Wang and the Temple cannot assert a malicious prosecution claim. *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (malicious prosecution requires "the initiation or continuation of a criminal proceeding against plaintiff").

Accordingly, I GRANT Ms. Doe's motion to dismiss any counterclaims asserted on behalf of Ms. Wang or the Temple.

## II.    Malicious Prosecution of Mr. Du

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello*, 612 F.3d at 161 (quotations marks and citations omitted). Ms. Doe asserts that Mr. Du has failed to allege all of those elements.

### A.    Initiation of the Criminal Action

To be liable for malicious prosecution, a civilian defendant "must do more than report the crime or give testimony." *Manganiello*, 612 F.3d at 163; *see also Present v. Avon Prods., Inc.*, 253 A.D.2d 183, 189–190 (1st Dep't 1999) ("One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding."). The defendant must have "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Rohman v. New York City Transit Authority,* 215 F.3d 208, 217 (2d Cir. 2000) (quotation marks omitted). Alternatively, the

5

claimant may demonstrate that the defendant knowingly provided false information to the police or prosecutors. *See TADCO Constr. Corp. v. Dormitory Auth. of New York,* 700 F.Supp.2d 253, 270 (E.D.N.Y. 2010) ("Giving information to the police that is known to be false qualifies as the commencement of a prosecution." (quotation marks omitted)); *Williston v. Jack Resnick & Sons, Inc.*, 177 A.D.3d 822, 823 (2d Dep't 2019) (noting that providing "false information to the authorities does not constitute initiation of the proceeding without an additional allegation . . . that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney").

    Here, Mr. Du alleges that Ms. Doe falsely reported to police and prosecutors that Mr. Du had sexually assaulted her, when those sexual assaults had never occurred. Based on her statements, Mr. Du was charged with various sexual misconduct offenses. Answer, § Counterclaims ¶ 20 (alleging criminal charges against Mr. Du). Accordingly, Mr. Du has alleged that Ms. Doe "initiated" his prosecution. *See Rivers v. Towers, Perrin, Forster & Crosby Inc.*, 07–CV–5441, 2009 WL 817852, at *3 (E.D.N.Y. March 27, 2009) ("Giving information to the police that is known to be false qualifies as the commencement of a prosecution."); *Michaels v. MVP Health Care, Inc.,* 167 A.D.3d 1368, 1372 (3d Dep't 2018) (allegations "that defendants provided the authorities with information that they knew to be false and explained how [she] knew it to be false" sufficient to allege "initiation of the proceeding").

    Ms. Doe's arguments to the contrary are unavailing. First, she contends that Mr. Du has failed to allege "what the false statements [made to police and prosecutors] were or how any such (unidentified) statements were false." Mot. at 9 (emphases omitted). However, Mr. Du's counterclaim alleges both facts. Namely, that Ms. Doe reported unwanted sexual contact by Mr. Du, and that any and all statements made by Ms. Doe to that effect were false because no sexual

6

contact had occurred. Answer, § Counterclaims ¶¶ 13–19. Those allegations are sufficient to state a claim. At this stage, Mr. Du is not required to recite and refute the exact statements made by Ms. Doe in her reports to police and prosecutors.

Second, Ms. Doe asserts that Mr. Du has alleged only that she "provided a false non-testimonial statement, without any factual allegations to support that [she] knew any information she reported was false." Mot. at 9 (citing *Williston*, 177 A.D.3d at 823 (noting that initiation of prosecution requires defendant to have known that the information she reported was false)). However, Ms. Doe's knowledge of falsity is readily inferable here. Assuming the truth of Mr. Du's allegations that he never engaged in sexual contact with Ms. Doe, Answer, § Counterclaims ¶¶ 13–19, it is reasonable to infer that Ms. Doe knew that she had not truly experienced the sexual assaults underlying Mr. Du's prosecution.[2] *See Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012) (noting that on a motion to dismiss, the court must accept all allegations as true and draw all reasonable inferences in the respondent's favor). Mr. Du further alleges that Ms. Doe nonetheless "walk[ed] into a NYPD police station and falsely claimed she was sexually assaulted by [Mr.] Du." Answer, § Counterclaims ¶ 19. Accordingly, Mr. Du has sufficiently alleged that Ms. Doe knowingly provided false statements that initiated his criminal proceeding.

### B.    Favorable Termination

Ms. Doe also asserts that Mr. Du has failed to allege a favorable termination to the prosecution. Mot. at 16–22. Although I am sympathetic to the policy concerns raised by Ms. Doe, her contentions lack support in New York law.

---

[2] Notably, Ms. Doe's complaint describes incidents in which Mr. Du forced unwanted sexual contact on her person, at times when she was not in an altered state of consciousness. FAC ¶¶ 42–43.

Under New York law, a favorable termination need not "affirmatively demonstrate the accused's innocence." *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001). A termination is favorable "so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused." *Id*. at 396.[3] Here, the charges against Mr. Du were dismissed based on the District Attorney's Office's representations that it did not believe that it could "sustain [its] burden of proof" at trial. Answer, § Counterclaims ¶ 24. As courts applying New York law have repeatedly concluded, charges that are dismissed "because of [] weak proof of guilt" are "not inconsistent with innocence." *Myers v. Moore*, 326 F.R.D. 50, 65 n.9 (S.D.N.Y. 2018) (finding favorable termination where the court dismissed charges because "the evidence of guilt was not overwhelming" (internal alterations adopted)); *see also Bellissimo v. Mitchell*, 122 A.D.3d 560, 562 (2nd Dep't 2014) (interest-of-justice dismissal "based upon the weakness of the proof of guilt . . . [wa]s not inconsistent with the plaintiff's innocence"); *Stampf v. Long Island R. Co.*, 761 F.3d 192, 200 (2d Cir. 2014) (finding favorable termination under New York law where court granted prosecutor's motion to dismiss the prosecution based on the latter's statement "that the case cannot be proven beyond a reasonable doubt"). Accordingly, the dismissal of Mr. Du's criminal prosecution based on insufficient evidence is sufficient to allege a "favorable termination."

In response, Ms. Doe asserts that three "case-specific circumstances" establish that Mr. Du has failed to allege a favorable termination: the difficulty of proving criminal rape cases, the

---

[3] "As a general matter, [d]ismissals that have been found to be inconsistent with innocence . . . fall into three categories: (1) misconduct on the part of the accused in preventing the trial from going forward, (2) charges dismissed or withdrawn pursuant to a compromise with the accused, and (3) charges dismissed or withdrawn out of mercy requested or accepted by the accused." *Genovese v. Cnty. of Suffolk*, 128 F. Supp. 3d 661, 671 (E.D.N.Y. 2015) (quotation marks omitted). None of those three categories are implicated here.

non-merits disposition of the dismissal, and the public policy of New York, which disfavors "sparsely pleaded malicious prosecution claims against rape victims." Mot. at 16. Those arguments are unavailing.

      Ms. Doe first contends that, due to the difficulty of proving "he-said-she-said" rape cases such as Ms. Doe's, the dismissal of Mr. Du's prosecution demonstrates only that the "State concluded it was not essentially guaranteed a conviction," and "did not exonerate Du or indicate that . . . he was innocent." *Id.* at 17–18. However, "New York law does not require a malicious prosecution plaintiff to prove [his] innocence, or even that the termination of the criminal proceeding was indicative of innocence." *Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004).[4] Likewise, I reject Ms. Doe's alternative argument that a disposition "neutral" as to the question of guilt is not a favorable termination. Mot. at 19. The New York Court of Appeals has long held that "a dismissal on speedy trial grounds"—a disposition entirely divorced from a defendant's guilt or innocence—"is a favorable termination." *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 198 (2000). Finally, Ms. Doe's attempt to divine the prosecutor's subjective beliefs as to Mr. Du's guilt or innocence are misguided. New York law is clear that what matters is the trial court's "reasons for dismissing the criminal charges." *Cantalino*, 96 N.Y.2d at 396. As discussed above, a dismissal based on the prosecution's representation that it lacked sufficient proof easily satisfies the applicable standard.

---

[4] I likewise reject Ms. Doe's implication that a disposition is favorable only if it establishes that the criminal action "lack[ed] substance." Pl. Rep. at 6, ECF No. 53. Plaintiff's proposed rule contains no limits, as even a jury's acquittal would not be a favorable termination under that rule. After all, an acquittal does not indicate that the jury believed that the charges lacked factual support. At most, all that can be inferred is that the jury did not believe that the defendant was guilty beyond a reasonable doubt. In any event, lack of substance is clearly not the applicable standard under New York law.

9

Ms. Doe's second suggestion, that the dismissal was not a favorable termination because it was not based on the merits, fares no better. Mot. at 19–20. Courts have "squarely rejected" the suggestion that a non-merits dismissal is insufficient to support a malicious prosecution claim under New York law. *Garcia v. County of Westchester*, No. 11-CV-7258, 2017 WL 6375791, at *23 (S.D.N.Y. Dec. 12, 2017) (collecting cases).

Third, and finally, Ms. Doe contends that "public policy concerns compel the Court to require from a prosecutor more than a bald statement declaring her inability to meet her burden" before "subject[ing] sexual assault victims to malicious prosecution claims." Mot. at 21. Although I acknowledge and sympathize with the difficulties faced by victims who report sexual assault, Ms. Doe cites no authority, nor have I found any, for the proposition that that the standards governing malicious prosecution vary based on the nature of charged offense.[5]

### C.     Probable Cause

Ms. Doe asserts that Mr. Du has failed to allege that she lacked probable cause for his prosecution. Mot. at 10–13. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York," and "indictment by a grand jury creates a presumption of probable cause." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). That presumption "may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other . . . conduct undertaken in bad faith." *Id*. (emphasis in original and quotation marks omitted). "[M]ere conjecture and surmise that an indictment was procured as a result of conduct undertaken by defendants in bad faith will not meet the pleading standard

---

[5] Plaintiff cites to New York statutes enacted within the last decade that extend the limitation periods for civil actions which permit recovery for various forms of sexual assault. *See* Mot. at 21. Those statutes, and their cited legislative history, do not alter common law claims for malicious prosecution.

10

for overcoming the presumption of probable cause." *Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *4 (E.D.N.Y. Jan. 10, 2019) (*Demosthene I*) (quotation marks omitted). Nonetheless, a plaintiff does not need to provide evidentiary corroboration to defeat a motion to dismiss. *Id*. "[H]e need only provide sufficiently specific factual allegations regarding the nature and content of [defendant's] lies." *Id*. at *5.

Ms. Doe asserts that Mr. Du's allegations are too "conclusory, speculative, and non-specific" to overcome the presumption of probable cause, as Mr. Du failed to "alleg[e] the specific lies allegedly told by Ms. Doe" before the grand jury. Mot. at 11. However, I find that Mr. Du's allegations are, in the present posture, sufficient.

Ms. Doe's cited cases are easily distinguishable. In *Demosthene I*, 2019 WL 181305, at *6, plaintiff's allegation that defendant officers "falsely stated . . . that plaintiff was allegedly in possession of a weapon which he allegedly used to shoot and kill [the victim]" was "too vague to rebut the presumption of probable cause established by plaintiff's indictment," as it "fail[ed] to provide sufficiently specific notice of the fabricated evidence's source or form." *Id.* at *6. In other words, plaintiff's allegations were inadequate because they "failed to specify 'whether the fabricated evidence came in the form of an eyewitness account, the Defendant Officers' own observations, a self-incriminating statement, or something else.'" *Id*. (quoting *Lewis v. City of New York*, No. 12-CV-2836, 2013 WL 6816615, at *9 (E.D.N.Y. Dec. 24, 2013), *aff'd*, 591 F. App'x 21 (2d Cir. 2015)). However, the court later found sufficient plaintiff's amended allegations that the officers induced a witness to the shooting to recant his earlier statements "that he did not see the shooter," and to testify before the grand jury that he had seen the plaintiff commit the shooting. *Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 2436681, at *5 (E.D.N.Y. June 11, 2019) (*Demosthene II*).

11

Here, Mr. Du alleges that Ms. Doe reported to police and prosecutors that Mr. Du had sexually assaulted her, and then repeated those accusations before the grand jury. Answer, § Counterclaims ¶¶ 19–21. Mr. Du further alleges that he never sexually assaulted Ms. Doe. *Id*. ¶¶ 11, 13, 19. Taking Mr. Du's characterization of events as true, Mr. Du has effectively alleged that *all* of Ms. Doe's grand jury testimony regarding unwanted sexual contact between herself and Mr. Du was false, as no such contact had ever occurred. Mr. Du's allegations, unlike those in *Demosthene I* and *Lewis*, specify the source (plaintiff), form (her victim-witness testimony), and content (sexual assaults that had not occurred) of the fabricated evidence. I therefore conclude that Mr. Du has alleged misconduct that is sufficiently specific and that rises to a level beyond "mere conjecture and surmise." *Demosthene II*, 2019 WL 2436681, at *4 (quotation marks omitted).

Moreover, despite plaintiff's contention to the contrary, Mr. Du has sufficiently alleged "misconduct that plausibly had a material effect on his indictment." *Demosthene II*, 2019 WL 2436681, at *5 (quotation marks omitted and alterations adopted). Courts applying New York law have uniformly held that a claimant must "establish what occurred in the grand jury" to rebut the presumption of probable cause created by an indictment. *Zahrey v. City of New York*, No. 98-CV-4546, 2009 WL 54495, at *9 (S.D.N.Y. Jan. 7, 2009). However, that requirement does not require Mr. Du to quote portions of Ms. Doe's Grand Jury testimony and formulaically allege how those statements were false. Instead, that requirement serves to prevent a claimant from relying upon "unrelated misconduct that did not reach the grand jury." *Demosthene II*, 2019 WL 2436681, at *5; *see also Felmine v. City of New York*, No. 09-CV-3768, 2011 WL 4543268, at *12 (E.D.N.Y. Sept. 29, 2011) ("[W]here the grand jury indictment is procured without any involvement of the alleged falsehoods, those falsehoods cannot be considered a proximate cause

12

of the resulting prosecution."). At this stage, it is sufficient for Mr. Du to allege that Ms. Doe testified before the Grand Jury as to unwanted sexual contact, that her testimony was fabricated because such contact had never occurred, and that he was indicted on sexual misconduct charges stemming from that testimony. Courts have repeatedly concluded that knowingly presenting false grand jury testimony critical to establishing an essential element of the offense is sufficient to undermine an indictment's presumption of probable cause. *Demosthene II*, 2019 WL 2436681, at *5 (collecting cases); *see also Jorgensen v. County of Suffolk*, 558 F. Supp. 3d 51, 63 (E.D.N.Y. 2021) (finding presumption of probable cause overcome where allegations supported the inference that defendants "lied to prosecutors about plaintiff's intoxication, a fact that was crucial to probable cause" for charged offense of drunk-driving).[6]

### D.  Malice

Finally, Ms. Doe contends that Mr. Du has failed to sufficiently allege that she acted with malice. Mot. at 14–16. "[M]alice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff." *Manganiello*, 612 F.3d at 163–64 (quotation marks omitted). "Conclusory allegations of malice, with no factual basis or grounds to infer maliciousness, are insufficient to establish a malicious prosecution claim." *Jeanty v. City of New York*, No. 23-CV-9472, 2024 WL 5236462, at *24 (E.D.N.Y. Dec. 28, 2024).

---

[6] Indeed, that conclusion is unfortunately strengthened due to the nature of the parties' allegations here. As plaintiff acknowledges, her claims of sexual assault present a "he-said-she-said" factual dispute. Mot. at 17. Plaintiff alleges that there were no witnesses to the two sexual assaults other than Mr. Du and plaintiff herself, and neither party has suggested the existence of non-testimonial evidence that corroborates plaintiff's account of those assaults. Accordingly, it appears that plaintiff's testimony was the cornerstone, and perhaps only, evidence presented to the grand jury in securing Mr. Du's indictment.

Defendants allege that Ms. Doe made her false reports in retaliation for Mr. Du's refusal to assist Ms. Doe with her scheme to obtain fraudulent immigration visas. Answer, § Counterclaims ¶ 14–19. At the pleading stage, I must accept Mr. Du's allegations as true, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Courts applying New York law have repeatedly found malice where the defendant allegedly harbored a retaliatory motive, especially where the claimant has alleged facts establishing the genesis of and conduct in accordance with that motive. *See Arum v. Miller*, 273 F. Supp. 2d 229, 235 (E.D.N.Y. 2003) (denying summary judgment on malice element based on plaintiff's testimony that defendant "accused her of trespass to avoid [his own] arrest for assault[ing her]"); *Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *16 (S.D.N.Y. Sept. 29, 2018) (noting that allegation that defendants "fabricated the charges against him in order to advance their own careers" was conclusory standing alone, but finding that malice was adequately pled given supporting allegation that at least one defendant was thereafter "promoted to the position of Lieutenant" within the police department); *Stukes v. City of New York*, No. 13-CV-6166, 2015 WL 1246542, at *10 (E.D.N.Y. Mar. 17, 2015) (finding malice where defendant recommended perjury prosecution against plaintiff in retaliation for latter's refusal to accede to defendant's demand that plaintiff discredit one of his subordinates).

Although the bare allegation that Ms. Doe harbored retaliatory motives would likely have been too conclusory, Mr. Du has alleged sufficient facts in support of that motive. First, Ms. Doe's associate "donated" $3,000 to the temple in an attempt to bribe the Temple into facilitating the associate's entry into the United States. Answer, § Counterclaims ¶ 15. Second, Ms. Doe reported her assaults to police shortly after threatening Mr. Du and Ms. Wang that there would be

14

"repercussions with the media, the police and the courts" for Mr. Du's purported refusal to assist Ms. Doe in her scheme. *Id*. ¶¶ 17, 19. Third, the prosecution's investigation revealed that, with the assistance of another Buddhist temple located in Manhattan, Ms. Doe had used the paperwork that had procured her own entry into the United States "to help facilitate [] other individuals' entry into the United States." *Id*. ¶ 23. "Although [Mr. Du] may face an uphill battle at the summary judgment or trial stage in substantiating [his] allegation[s]," at this stage I must conclude that his claim of retaliatory motive is supported by sufficient facts. *Hutchins*, 2018 WL 4757970, at *16.

I note my considerable skepticism of Mr. Du's allegations. Defendants admit Ms. Doe's allegation that she arrived in the United States on December 23, 2021. Answer ¶ 24. Defendants also admit that, prior to her arrival, they sent Ms. Doe a letter inviting her to visit the Xi Fang Temple, which states that "[w]e anticipate this visit to be about nine (9) days." *Id*. ¶ 19. However, plaintiff did not contact the police until May 25, 2022, more than *five months* after she had entered the United States. FAC ¶ 50. Defendants provide no explanation for why they permitted plaintiff to continue residing at the Temple for those months. Nor do I understand why Ms. Doe would "retaliate" against defendants for their refusal to participate in her immigration scheme by involving law enforcement. Given the precariousness of her own immigration status, Ms. Doe's self-exposure to potential immigration consequences is hardly consistent with defendant's allegations that she desired to remain in the United States and engage in further immigration fraud. That is especially true given defendant's allegation that another Buddhist temple, located in Manhattan, assisted Ms. Doe in procuring fraudulent immigration visas. Answer, § Counterclaims ¶ 23. Nonetheless, my doubt in the veracity of defendant's allegations does not permit me to disregard them. See *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule

15

12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). I therefore agree with Mr. Du that he has sufficiently alleged malice.

### III. Prima Facie Tort

Mr. Du also asserts a counterclaim for prima facie tort, alleging that Ms. Doe "initiated a criminal complaint . . . to further her criminal scheme to obtain protected immigration status and in retaliation for . . . [Mr. Du's refusal] to participate in such a scheme." Answer, § Counterclaims ¶ 39. I agree with plaintiff that Mr. Du's prima facie tort counterclaim must be dismissed.

To state a claim for prima facie tort under New York law, "a plaintiff must allege: (i) the intentional infliction of harm; (ii) resulting in special damages; (iii) without excuse or justification; (iv) by an act or series of acts which would otherwise be lawful." *Nkansah v. United States*, No. 18-CV-10230, 2025 WL 945848, at *4 (S.D.N.Y. Mar. 28, 2025). As the New York Court of Appeals has explained, "there can be no recovery under this theory unless malevolence is the sole motive for defendant's otherwise lawful act or, in [other words], unless defendant acts from disinterested malevolence." *Posner v. Lewis*, 18 N.Y.3d 566, 570 n.1 (2012) (quotation marks omitted). Accordingly, "motives other than disinterested malevolence, 'such as profit, self-interest, or business advantage' will defeat a prima facie tort claim." *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990) (noting that a plaintiff's allegations must be "done with the sole intent to harm"). As Mr. Du's own allegations demonstrate, Ms. Doe's actions were motivated by a desire to further her immigration schemes. Answer, § Counterclaims ¶ 39. That allegation "wholly undermines [Mr. Du's] claim." *Gentile v. Am. Express Co.*, No. 21-CV-7210, 2024 WL 4350714, at *2–3 (E.D.N.Y. Sept. 30, 2024) (dismissing claim where

16

allegations did not "support an inference that [d]efendants acted solely with disinterested malevolence").

Moreover, Mr. Du has failed to allege special damages, which "must be alleged with sufficient particularity to identify actual losses[;] round sums without any attempt at itemization are insufficient." *Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 361 F. Supp. 2d 283, 306 (S.D.N.Y. 2005) (citations omitted); *see also Barone v. United States*, No. 12-CV-4103, 2016 WL 2658174, at *4 (S.D.N.Y. May 5, 2016) (noting that special damages cannot be "conjectural in identity and speculative in amount"). Mr. Du alleges only that he suffered "economic damages resulting from the defense of the criminal action" and "damage to the reputation of the Temple resulting in a loss of charitable contributions." Answer, § Counterclaims ¶¶ 40, 44. The mere allegations of lost donations is plainly insufficient. Mr. Du does not identify a single instance in which the Temple lost a donation due to plaintiff's actions, nor does he allege that the Temple received fewer donations than it did prior to her actions. *Vigoda v. DCA Prods. Plus Inc.*, 741 N.Y.S.2d 20, 22–23 (1st Dep't 2002) (dismissing prima facie tort claim where "[a]ll that plaintiffs have alleged [as special damages] is lost future income, conjectural in identity and speculative in amount").[7] As for his attorneys' fees in defending against the criminal action, Mr. Du makes no attempt to itemize those fees. Accordingly, he has failed to sufficiently allege special damages.

---

[7] Indeed, it is doubtful whether Mr. Du may recover lost donations to the Temple at all. Mr. Du alleges only that he was the "lead minister" of the Temple. Answer, § Counterclaims ¶ 4. That allegation does not clarify whether Mr. Du has some ownership interest in the Temple, or whether his relationship with the Temple is limited to that of an employee. Mr. Du cites no case, nor have I found any, where a court has held that a prima facie tort plaintiff may recover injuries incurred by his employer.

In any event, Mr. Du's prima facie tort counterclaim is wholly duplicative of his malicious prosecution counterclaim, and therefore must be dismissed. "[A] set of facts giving rise to a common-law tort is fatal to a prima facie tort claim . . . for once a traditional tort is established the cause of action for prima facie tort disappears." *Chen v. United States*, 854 F.2d 622, 628 (2d Cir. 1988) (quotation marks omitted). A plaintiff cannot simply reassert "the same allegations of misconduct and general harm that form the basis of [his] other causes of action." *Gallagher v. N.Y.C. Health & Hosps. Corp.*, No. 16-CV-4389, 2017 WL 4326042, at *6 (S.D.N.Y. Sept. 20, 2017). Here, Mr. Du's prima facie tort counterclaim is expressly based on plaintiff's "initiat[ion of] a criminal complaint against [Mr. Du]," Answer, § Counterclaims ¶ 39, and the New York Court of Appeals has held that "plaintiffs should not be allowed to plead prima facie tort in the alternative" to malicious prosecution. *Curiano v. Suozzi*, 63 N.Y.2d 113, 118 (1984). Prima facie tort "should not become a catch-all alternative for every cause of action which cannot stand on its legs," and may not be used "to avoid the stringent requirements [New York courts] have set for traditional torts, such as malicious prosecution." *Id*. at 118–19 (quotation marks omitted); *see also Lemberg v. John Blair Commc'ns, Inc.*, 251 A.D.2d 205, 206–07 (1st Dep't 1998) (concluding that prima facie tort claim was "best viewed as a claim of malicious prosecution" of underlying criminal action, despite plaintiff's failure to assert a malicious prosecution claim, and dismissing the prima facie tort claim).

For the above reasons, I GRANT plaintiff's motion to dismiss Mr. Du's prima facie tort counterclaim.

**IV.    Intentional Infliction of Emotional Distress**

18

Plaintiff asserts that Mr. Du's counterclaim for intentional infliction of emotional distress ("IIED") must be dismissed as duplicative of his malicious prosecution counterclaim. Mot. at 22–24. I agree.

Under New York law, a "claim for IIED may not be sustainable where the conduct complained of falls well within the ambit of other traditional tort liability." *Turley v. ISG Lackawanna Inc.*, 774 F.3d 140, 159 (2d Cir. 2014) (quotation marks omitted); *see also Bacon v. Nygard*, 140 A.D.3d 577, 578 (1st Dep't 2016) (IIED claim dismissed as duplicative of defamation claim).[8] Here, Mr. Du's claim is premised solely on plaintiff's false report of sexual assault to police and prosecutors, which led to the initiation of his prosecution and "forced [Mr.] D[u] to engage in the humiliating experience of defending his good name and that of the Temple in a criminal proceeding." *See* Answer, § Counterclaims ¶¶ 47–49. *Cf. Roelcke v. Zip Aviation, LLC*, 571 F. Supp. 3d 214, 236 (S.D.N.Y. 2021) (abuse of judicial process and IIED claims not

---

[8] Mr. Du asserts that New York law permits IIED to be pled as an alternative to other torts "even if the claims are premised on the same set of allegations." Def. Opp. at 19. In support, he cites a recent decision by the Appellate Division, First Department, which permitted negligence and IIED claims premised on the same facts to be pled in the alternative. *Brown v. Riverside Church in City of New York*, 231 A.D.3d 104 (1st Dep't, 2024).

Although the *Brown* court cast doubt on the rule barring "duplicative" IIED claims, *id.* at 110–12, that case is readily distinguishable. The court explicitly noted that *intentional* infliction of emotional distress and *negligence* are "separate, independent causes of action," as is self-evident from the names of those torts, and therefore were not duplicative. *Id.* at 112.

In any event, I am not bound by *Brown*. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007) (noting that "decisions of New York's intermediate appellate courts are helpful indicators of how the Court of Appeals would decide, but [federal courts] are not strictly bound by decisions of the Appellate Division" (quotation marks omitted)). Given that the First Department has repeatedly dismissed IIED claims that are duplicative of torts premised on intentional or reckless conduct, *see Brown*, 231 A.D.3d at 110 (collecting cases), I find it unlikely that the New York Court of Appeals would extend *Brown* and permit duplicative IIED and malicious prosecution claims. In any event, district courts in this circuit have continued to routinely dismiss IIED claims that are duplicative of other tort claims. *See, e.g., M.Q. v. United States*, No. 22-CV-10680, 2025 WL 965810, at *13 (S.D.N.Y. Mar. 31, 2025).

duplicative where the IIED claim "encompasses a broader pattern of conduct that also includes the initiation of administrative proceedings, public dissemination of allegedly false claims of abuse, and allegedly harassing contact with third parties"). Therefore, Mr. Du's IIED counterclaim relies upon the same alleged conduct and requires proof of the same elements as his malicious prosecution counterclaim. The IIED counterclaim is therefore duplicative, and I therefore GRANT plaintiff's motion to dismiss it.

## CONCLUSION

For the reasons set forth above, I GRANT Ms. Doe's motion to dismiss defendants' IIED and prima facie tort counterclaims. However, I DENY Ms. Doe's motion to dismiss Mr. Du's malicious prosecution counterclaim.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:     May 21, 2025
           Brooklyn, New York